JS-44 - CAND (Rev 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

## I. (a) PLAINTIFFS

Marilee McGregor

## DEFENDANTS

American Diabetes Association, an Ohio non-profit corporation; and DOES 1-10, inclusive

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Contra Costa
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Ohio
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Offices of Patrice R. Zabell
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
925.932.9455

ATTORNEYS (IF KNOWN)
Epstein Becker & Green, P.C.
One California Street
Suite 2600
San Francisco, CA 94111
415.398.3500

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] Original Proceeding
- [X] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury Med. Malpractice | 620 Other Food & Drug | | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | 423 Withdrawal 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel & Slander | 368 Asbestos Personal Injury Product Liability | | | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability | | 630 Liquor Laws | PROPERTY RIGHTS | 460 Deportation |
| 151 Medicare Act | | | 640 RR & Truck | 820 Copyrights | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 850 Securities/Commodities/Exchange |
| 160 Stockholders Suits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| [X] 190 Other Contract | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 862 Black Lung (923) | 892 Economic Stabilization Act |
| 196 Franchise | | | 720 Labor/Mgmt Relations | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 730 Labor/Mgmt Reporting & Disclosure Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 210 Land Condemnation | 441 Voting | 510 Motion to Vacate Sentence Habeas Corpus: | 740 Railway Labor Act | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 220 Foreclosure | 442 Employment | 530 General | 790 Other Labor Litigation | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 230 Rent Lease & Ejectment | 443 Housing | 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 444 Welfare | 540 Mandamus & Other | | 871 IRS - Third Party 26 USC 7609 | 890 Other Statutory Actions |
| 245 Tort Product Liability | 440 Other Civil Rights | 550 Civil Rights | | | |
| 290 All Other Real Property | 445 Amer w/disab - Empl | 555 Prison Condition | | | |
| | 446 Amer w/disab - Other | | | | |
| | 480 Consumer Credit | | | | |
| | 490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Over 75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY  PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY)  [X] SAN FRANCISCO/OAKLAND  [ ] SAN JOSE

DATE  5/30/07

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

NDC-JS44

1  Steven R. Blackburn, State Bar No. 154797
   sblackburn@ebglaw.com
2  Joseph D. Miller, State Bar No. 109032
   jmiller@ebglaw.com
3  Jang Hyuk Im, State Bar No. 181836
   jim@ebglaw.com
4  EPSTEIN BECKER & GREEN, P.C.
   One California Street, 26th Floor
5  San Francisco, California 94111-5427
   Telephone:    415.398.3500
6  Facsimile:    415.398.0955

7  Attorneys for Defendant
   AMERICAN DIABETES ASSOCIATION
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  MARILEE McGREGOR,                    CASE NO. **C 07   2820**

13          Plaintiff,                   **NOTICE OF REMOVAL OF ACTION
                                         UNDER 28 U.S.C. § 1441(B)**
14      v.
                                         **(DIVERSITY JURISDICTION)**
15  AMERICAN DIABETES ASSOCIATIONS,
    an Ohio non-profit corporation; and DOES 1-
16  10, inclusive,

17          Defendants.

18

19         PLEASE TAKE NOTICE THAT Defendant AMERICAN DIABETES ASSOCIATION

20  ("Defendant") hereby removes to this Court the state court action described below.

21         1.     On or about April 18, 2007, Plaintiff MARILEE McGREGOR ("Plaintiff") filed

22  her Complaint in the Superior Court of the State of California for the County of Alameda,

23  entitled *Marilee McGregor v. American Diabetes Association*, and Does 1-10, Case No.

24  RG07321422. A copy of the Complaint served on Defendant is attached hereto as **Exhibit A**. A

25  copy of the Answer served by Defendant is attached as **Exhibit B**. Defendant is informed and

26  believes, and thereon alleges, that other than the pleadings attached to this notice of removal,

27  there have been no further pleadings, process, or orders filed in this action.

28         2.     The first date upon which Defendant received a copy of the Summons and

    Complaint, and thus, first received notice that this action was subject to removal on the basis of

SF:142691v1                                              Notice of Removal of Action

diversity jurisdiction was May 1, 2007. A copy of the Summons is attached hereto as **Exhibit C**. A copy of CT Corporation's May 1, 2007 receipt of service with the May 1, 2007 service date highlighted in yellow, is attached hereto as **Exhibit D**.

3.    This is a civil action over which this Court also has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to provisions of 28 U.S.C. § 1441(b), because this is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.    Plaintiff alleges three causes of action in her complaint: (1) breach of contract; (2) failure to pay wages upon discharge in violation of Cal. Labor Code section 203; and (3) promissory estoppel. As a result of Defendant's wrongful conduct as alleged in the first and third causes of action, Plaintiff's claims to have suffered damages in the form of lost earnings and benefits and to have incurred medical expenses. Complaint ¶¶ 23, 26, 27, and 31. Specifically, she seeks "$61,600 in lost earnings plus the value of benefits to which she would have been entitled, including 403(b) contributions and earnings and medical expenses incurred." Complaint ¶ 23. The value of Plaintiff's lost benefits are estimated to be approximately $8,616 and the lost 403(b) benefit to be approximately $3,725.73. Declaration of Tonya T. Stephens ¶ 4. Plaintiff's complaint does not specify an amount of claimed medical expenses (which is not to say that Defendant concedes that Plaintiff is entitled to recover these damages in any event), but presumably these expenses have some monetary value.

5.    In her second cause of action, Plaintiff prays for "compensatory damages at her regular wage rate for 30 days." Complaint ¶ 26. This translates into damages of approximately $5,100. Additionally, Plaintiff prays for statutory attorney fees pursuant to Labor Code § 218.5 on her second cause of action. Complaint ¶ 27.

6.    Plaintiff's total claimed economic damages alone are estimated at least $79,041.73, exceeding the $75,000 amount in controversy for diversity jurisdiction. When attorneys fees are added, the amount in controversy greatly exceeds the jurisdictional threshold.

7.    Approximately two months before Plaintiff filed suit, she made a written settlement demand of $150,000 to Defendant. While Defendant rejected the settlement demand

- 2 -

1  because it denies any liability and therefore owes no damages, it is evident that Plaintiff believes

2  that her lawsuit is worth much more than $75,000, exclusive of interest and costs.

3         8.     Defendant is informed and believes that Plaintiff is now and was at the time this

4  lawsuit was filed a resident in Contra Costa County, California and citizen of the State of

5  California.

6         9.     Defendant is now and was at the time this lawsuit was filed incorporated under

7  the laws of the state of Ohio, and having its principal place of business in the state of Virginia—

8  Declaration of Duane Brown ¶¶ 2 and 3—and is the only defendant that has been served with a

9  summons and complaint in this action. Accordingly, Defendant is a citizen of Ohio and Virginia

10  for the purpose of diversity, but not a citizen of the state of California, where the State Court

11  action is pending.

12         10.    This Notice of Removal is timely, as it was filed within 30 days of the date

13  Defendant received notice that this action was subject to removal.

14

15  DATED:  May 30, 2007                         EPSTEIN BECKER & GREEN, P.C.

16

17                                              By
18                                                 Steven R. Blackburn
                                                   Joseph D. Miller
19                                                 Jang Hyuk Im
                                                Attorneys for Defendant
20                                              AMERICAN DIABETES ASSOCIATION

21

22

23

24

25

26

27

28

Steven R. Blackburn, State Bar No. 154797
sblackburn@ebglaw.com
Joseph D. Miller, State Bar No. 109032
jmiller@ebglaw.com
Jang Hyuk Im, State Bar No. 181836
jim@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone: 415.398.3500
Facsimile: 415.398.0955

Attorneys for Defendant
AMERICAN DIABETES ASSOCIATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

MARILEE McGREGOR,

        Plaintiff,

        v.

AMERICAN DIABETES ASSOCIATION,
an Ohio non-profit corporation; and DOES 1-
10, inclusive,

        Defendants.

CASE NO.

**DEFENDANT'S DECLARATION IN SUPPORT OF DIVERSITY OF JURISDICTION FOR NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)**

I, Tonya T. Stephens, declare:

1.    I am the Managing Director, Human Resources Division for the Defendant AMERICAN DIABETES ASSOCIATION ("ADA").

2.    My office, as well as the rest of ADA's Human Resources Division, is located at 1701 North Beauregard Street, Alexandria, Virginia 22311.

3.    In my capacity as the Managing Director, Human Resources Division at ADA, I have access to, oversee, and review all compensation packages issued to ADA's employees. As a result I have access to and knowledge of Plaintiff, Marilee McGregor's complete compensation package when she was employed with ADA.

4.    Before Ms. McGregor was terminated, her ADA compensation package included an annual salary of $61,600; plus benefits totaling $8,616. Additionally, Ms. McGregor had a

SF:142763v1

403(b) plan with an estimated value of $3,725.73.  All combined, Plaintiff's total annual compensation is valued at $73,941.73

I certify under oath that the foregoing is true and correct.  Executed in Alexandria, Virginia.

*Tonya L. Stephens* (signature)

Tonya T. Stephens

SF:142763v1

Steven R. Blackburn, State Bar No. 154797
sblackburn@ebglaw.com
Joseph D. Miller, State Bar No. 109032
jmiller@ebglaw.com
Jang Hyuk Im, State Bar No. 181836
jim@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone:     415.398.3500
Facsimile:     415.398.0955

Attorneys for Defendant
AMERICAN DIABETES ASSOCIATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

MARILEE McGREGOR,

         Plaintiff,

    v.

AMERICAN DIABETES ASSOCIATION,
an Ohio non-profit corporation; and DOES 1-
10, inclusive,

         Defendants.

CASE NO.

**DECLARATION OF DUANE BROWN,
ESQ. IN SUPPORT OF REMOVAL OF
ACTION UNDER 28 U.S.C. § 1441(B)**

I, Duane Brown, declare:

    1.    I am an Attorney at Law and Vice President, Legal Affairs and Administrative Services for the Defendant American Diabetes Association ("ADA").

    2.    ADA is non-profit health organization providing diabetes research, information and advocacy.  ADA is incorporated in Ohio as a non-profit corporation.

    3.    ADA's principal place of business and national office is located at 1701 North Beauregard Street, Alexandria, Virginia 22311.  ADA's marketing, strategic decision making, financial planning and human resources function originate out of Alexandria, Virginia.  My

SF:142749v1

Declaration of Duane Brown

office, as well as the rest of ADA's Legal Affairs and Administrative Services Department, is in Alexandria, Virginia.

I certify under oath that the foregoing is true and correct. Executed in Alexandria, Virginia.

Duane Brown

SF:142749v1

**EXHIBIT A**

04/18/2007  10:09    925-932-9468    PATRICE R. ZABELL.ESQ    PAGE  03/10

PATRICE R. ZABELL, SBN# 215459
LAW OFFICES OF PATRICE R. ZABELL
2700 Ygnacio Valley Road, Suite 270
Walnut Creek, California 94598-3463
Telephone:    (925) 932-9455
Facsimile:    (925) 932-9468

Attorney for Plaintiff
MARILEE McGREGOR

**FILED BY FAX**
ALAMEDA COUNTY
April 18, 2007
CLERK OF
THE SUPERIOR COURT
By Robbi McIntosh, Deputy

CASE NUMBER:
**RG07321422**

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| MARILEE McGREGOR, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| AMERICAN DIABETES ASSOCIATION and DOES 1-10, inclusive, | 1. **BREACH OF CONTRACT** 2. **WRONGFUL FAILURE TO TIMELY PAY UPON DISCHARGE [LABOR § 201]** 3. **PROMISSORY ESTOPPEL** |
| Defendants. | |

Plaintiff, Marilee McGregor, alleges as follows:

### JURISDICTION

1.      At all times mentioned in this complaint, Plaintiff, Marilee McGregor, (hereinafter, "Plaintiff"), was a person domiciled in the State of California.

2.      Defendant, American Diabetes Association (hereinafter, "ADA") is, and at all times mentioned in this complaint was, the nation's leading nonprofit health organization, which conducts programs in California.

3.      Plaintiff does not know the true names of defendants DOES 1 through 10, inclusive, and therefore sues them by those fictitious names.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek CA 94598
TEL (925) 932-9455
FAX (925) 932-9468

1

**COMPLAINT**
*McGregor v. American Diabetes Association*

04/18/2007    10:13    925-932-9468    PATRICE R ZABELL.ESQ    PAGE  04/10

4.    Unless otherwise alleged in this complaint, Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendant, ADA, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

## FACTS COMMON TO ALL CAUSES OF ACTION

5.    Plaintiff, who was diagnosed with diabetes 30 years ago, left her former career to devote her efforts to the American Diabetes Association's mission.  At the time Plaintiff left her former career, she was earning $100,000 per year plus $20,000 in commissions, and a comprehensive benefits package.

6.    Plaintiff was hired by Richard Tam, (hereinafter, "Tam"), former Executive Director of ADA, and Mike Clinkenbeard, (hereinafter, "Clinkenbeard"), former Vice President of ADA, into the newly-created position of Senior Market Director, Corporate Development, in the Emeryville, California office of the Western Division of  ADA on March 8, 2004. Plaintiff's starting salary with ADA was $60,000.00 per year.  Tam and Clinkenbeard agreed that as a term of her employment, Plaintiff could work out of her home.

7.    At the time of Plaintiff's hire, Tam told Plaintiff that the position was newly-created within ADA, and that each Executive Director had been directed by ADA to develop job duties based on local needs.  Consequently, the job content in each region varied. Tam told Plaintiff that her job duties included: (1) secure any donations possible from anyone willing; (2) secure speaking engagements with Lions Club, Rotary Club., etc. and local companies; (3) attend some health fairs when needed in support of ADA programs; and (4) secure donated marketing media.

8.    Contemporaneous with the start of the 2005 performance review cycle, ADA's corporate human resources department issued guidelines for the position of Senior Market Director; however, both Tam and Clinkenbeard told Plaintiff to ignore the corporate directive concerning job content and follow their guidelines, instead.  Throughout the time Plaintiff

2

**COMPLAINT**
*McGregor v. American Diabetes Association*

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL  (925) 932-9456
FAX  (925) 932-9468

04/18/2007  10:29    925-932-9468    PATRICE R CABELL.ESQ    PAGE  05/18

reported to Tam, both Tam and Clinkenbeard told Plaintiff that her performance was satisfactory.

9. In the early part of 2005, both Tam and Clinkenbeard left ADA. At the time both Tam and Clinkenbeard left ADA, they both assured Plaintiff that her performance was satisfactory. For several months thereafter, Plaintiff continued to perform her job duties pursuant to Tam's and Clinkenbeard's former directives, without any leadership direction or feedback on her performance from any other members of ADA management.

10. Beginning approximately in June 2005, Randy Beranek (hereinafter "Beranek"), Executive Director of ADA, assumed actual supervision over Plaintiff, who continuously reported to him throughout the remainder of her employment with ADA until June 6, 2006, when Beranek terminated Plaintiff's employment.

11. On August 4, 2005, Beranek placed Plaintiff on a Performance Improvement Plan, which established an employment agreement requiring good cause for termination of Plaintiff's employment with respect to productivity related to donations. In so doing, Beranek established enforceable expectations concerning the term of employment and the grounds for termination.

12. Plaintiff relied on Beranek's representations in the Performance Improvement Plan, and Plaintiff performed in accordance with Beranek's directives. Furthermore, Plaintiff did not seek alternate employment based on her understanding that if she achieved productivity results pursuant to Beranek's Performance Improvement Plan her employment would not be terminated.

13. Plaintiff alleges that she had an agreement with ADA regarding how sales productivity would be measured, which included "in kind" donations, multiple year contracts, indirect payments to events, and renewals. Plaintiff performed throughout the remainder of the year in accordance with their agreement.

14. Plaintiff alleges that Beranek notified Plaintiff late in May 2006, near the end of the fiscal year, that Plaintiff would no longer be given credit for "in kind" donations, indirect payment to events and renewals, as well as other events for which previously she understood

COMPLAINT
*McGregor v. American Diabetes Association*

LAW OFFICES OF
PATRICE R CABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL  (925) 932-9465
FAX  (925) 932-9468

04/18/2007   10:23    925-332-9468          PATRICE P ZABELL ESO          PAGE   07/10

18.    On June 12, 2006, Beranek presented Plaintiff with a letter which stated that the decision had been made to separate Plaintiff's employment effective June 15, 2006.  On June 15, 2006, a regular paycheck was automatically deposited by ADA into Plaintiff's bank account; however, the deposit did not include accrued vacation.  Plaintiff received a check from ADA via on July 6, 2006; however, that check was one-week short of Plaintiff's actual vacation accrual. Plaintiff immediately notified ADA that the vacation accrual check was inaccurate; however, ADA failed to issue a supplemental check until September 8, 2006.

19.    Plaintiff has diligently pursued a job search since Beranek terminated Plaintiff's employment with ADA, but has not become regularly reemployed.

## FIRST CAUSE OF ACTION

## [BREACH OF CONTRACT]

20.    Plaintiff incorporates by reference paragraphs 1-19, inclusive, of this complaint as if fully set forth.

21.    Plaintiff brings this action against defendant ADA for breach of contract, and alleges that she had enforceable expectations concerning the grounds for termination, which were partly express and partly implied-in-fact.  Plaintiff alleges that the implied-in-fact terms of their agreement were developed over the course of the employment relationship, that ADA made promises in its own self-interest on which it intended Plaintiff to rely, and that Plaintiff did rely upon those promises to her detriment.

22.    Plaintiff alleges that ADA and Plaintiff had an agreement that they would not end Plaintiff's employment absent good cause.  Plaintiff further alleges that ADA specifically defined failure to meet productivity goals and the procedures under which termination might occur.  Plaintiff alleges that she performed satisfactorily with respect to those defined causes, and that ADA breached its contract when Beranek terminated Plaintiff's employment based on failure to meet contribution goals.

23.    Plaintiff seeks contract damages in the amount of her annual salary, $61,600.00, plus the value of the benefits to which she would have been entitled, including 403(b)

LAW OFFICES OF
PATRICE P ZABELL
2100 Ygnacio Valley Road
Suite 209
Walnut Creek, CA  94598
TEL (925) 932-8455
FAX (925) 932-9458

COMPLAINT
*McGregor v. American Diabetes Association*

1   contributions and earnings, and medical expenses incurred since ADA's breach of contract.

2   Plaintiff further seeks all other damages allowed under law.

3   ## SECOND CAUSE OF ACTION

4   ## [FAILURE TO IMMEDIATELY PAY WAGES UPON DISCHARGE –

5   ## LABOR CODE § 203]

6       24.    Plaintiff incorporates by reference paragraphs 1-23, inclusive, of this complaint

7   as if fully set forth.

8       25.    Plaintiff brings this action against defendant ADA for failure to timely pay final

9   wages upon termination pursuant to Labor Code §§ 201, 203, 218, 218.5, and 218.6.

10      26.    Labor Code § 203 provides in pertinent part,

11

12         If an employer willfully fails to pay, without abatement or reduction, in
           accordance with Sections 201, ... any wages of an employee who is
13         discharged ... the wages of the employee shall continue as a penalty from
           the due date thereof at the same rate until paid or until an action therefore is
14         commenced; but the wages shall not continue for more than 30 days.

15  Plaintiff alleges that ADA failed to timely pay Plaintiff her final wages until September 8, 2006.

16  Therefore, pursuant to Labor Code § 203, Plaintiff seeks compensatory damages at her regular

17  wage rate for 30 days.

18      27.    Plaintiff further claims attorneys fees and costs pursuant to Labor Code § 218.5,

19  interest pursuant to Labor Code § 218.6, and pursuant to any other provision of law providing

20  for prejudgment interest.

21  ## THIRD CAUSE OF ACTION

22  ## [PROMISSORY ESTOPPEL]

23      28.    Plaintiff incorporates by reference paragraphs 1-27, inclusive, of this complaint

24  as if fully set forth.

25      29.    Plaintiff brings this action against ADA based on the equitable doctrine of

26  promissory estoppel, which provides that an employer may be estopped from asserting that an

27  employment is at will where the employer has made a promise that it should reasonably have

28

LAW OFFICES OF
PATRICE P CABELL
1700 Ygnacio Valley Road
Suite 270
Walnut Creek  CA  94598
TEL  (925) 932-9455
FAX (925) 932-3468

**COMPLAINT**
*McGregor v. American Diabetes Association*

4.    for attorney fees and costs;

5.    for prejudgment interest on all amounts claimed;

6.    for any other and further relief that the court considers proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED: April 18, 2007                    LAW OFFICES OF PATRICE R. ZABELL

By:  *Patrice R. Zabell*
—————————————————————
PATRICE R. ZABELL
Attorney for Plaintiff Marilee McGregor

**COMMPLAINT**
*McGregor v. American Diabetes Association*

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL  (925) 932-9455
FAX  (925) 932-9468

Law Offices of Patrice R Zabell
Attn: Zabell, Patrice R.
2700 Ygnacio Valley Road.
Suite 270
Walnut Creek, CA  94598-3463

## Superior Court of California, County of Alameda

| McGregor | |
| **Plaintiff/Petitioner(s)** | No. RG07321422 |
| VS. | |
| American Diabetes Association | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| **Defendant/Respondent(s)** | Unlimited Jurisdiction |
| (Abbreviated Title) | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.**

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 08/31/2007 | Department: 114 | Judge: **Winifred Y. Smith** |
| Time: 09:00 AM | Location: **Wiley W. Manuel Courthouse** | Clerk: Yvonne Bazzell |
| | **Sixth Floor** | Clerk telephone: **(510) 268-7658** |
| | **661 Washington Street, Oakland  CA 94607** | E-mail: |
| | | **Dept.114 @ alameda.courts.ca.gov** |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax: **(510) 267-1518** |

### ORDERS

1. You must:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is **mandatory**) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law. including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/14/2007

By _Shirley J. Cooper_

Deputy Clerk

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes
### Effective July 1, 2007

Case Number:RG07321422
Case Title:    McGregor VS American Diabetes Association
Date of Filing: 04/18/2007

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On July 1, 2007 this case will be assigned for all purposes to:

| | |
|---|---|
| Judge: | Winifred Y. Smith |
| Department: | 114 |
| Address: | Wiley W. Manuel Courthouse |
| | 661 Washington Street |
| | Oakland  CA  94607 |
| Phone Number: | (510) 268-7658 |
| Fax Number: | (510) 267-1518 |
| Email Address: | Dept.114@alameda.courts.ca.gov |

Under direct calendaring, this case will be assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law.  (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)  Because this notice is effective July 1, 2007, the parties are advised that the earliest possible deadline for a challenge pursuant to Code of Civil Procedure §170.6 is July 16, 2007.**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents filed after July 1, 2007, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Winifred Y. Smith
DEPARTMENT 114

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court , which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

(1) Counsel are expected to be familiar and comply with the Statement of Professionalism of the ACBA , www.acbanet.org. (2) Appearances by attorneys who are not counsel of record are not permitted except for good cause. (3) Chambers copies of filings will not be accepted unless specifically requested by the Court. (4) Unrepresented litigants must also comply with the pertinent rules, cited above. (5) All references to "counsel" in this Order apply equally to self-represented litigants. The Court Maintains a Self-Help Center at the Wiley E. Manual Courthouse, 2nd Floor, 600 Washington St., Oakland. Telephone (510) 268-7221.

## Schedule for Department 114

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. The Court prefers that contacts with Department 114 be by e-mail with copies to all other counsel. Counsel must confer with opposing counsel before scheduling a hearing date.

- Trials generally are held:  Mondays, Tuesdays, Thursday between 9:30 a.m. and 4:30 p.m.and Wednesdays between 10:00 a.m. and 4:30 p.m. A pre-trial conference may be scheduled two weeks before trial. Pretrial conferences will be at 2:00 p.m. on Fridays.

- Case Management Conferences are held:  Tuesdays, Thursdays and Fridays at 9:00 a.m. Timely filed and complete case management conference statements are required and may eliminate the need for a hearing. Tentative Rulings will be available on the Court's website 3 days before the CMC.

- Law and Motion matters are heard:  Wednesdays at 9:00 a.m. and Fridays at 9:30 a.m. Only 1 Demurrer and 1 Motion for Summary Judgment/Adjudication will be set on each calendar.

- Settlement Conferences are heard:  Fridays at 10:00 a.m.

- Ex Parte matters are heard:  Wednesdays and Fridays at 9:00 a.m. A maximum of 3 matters will be scheduled on each calendar. Urgent matters may be specially set by contacting the department.

- (1) Counsel should anticipate and attempt to resolve discovery and other disputes. (2) No discovery motion shall be filed without prior serious efforts to resolve the dispute. (3) A Mandatory Settlement Conferences will be scheduled approximately 30 days before trial. All parties with authority to settle must be personally present. The Court requests that the parties state an objection to the Direct Calendar judge conducting the settlement conference at the time the conference is scheduled.

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact Department 31 for hearing dates before July 1, 2007 and the Direct Calendar Judge's department as follows for hearing dates after July 1, 2007:

- Motion Reservations for hearing dates after July 1, 2007
  Email:          Dept.114@alameda.courts.ca.gov
  Phone:         (510) 208-2951

  The Court prefers that reservations for the Law and Motion calendar be made by e-mail.

- Ex Parte Matters for hearing dates after July 1, 2007
  Email:          Dept.114@alameda.courts.ca.gov
  Phone:         (510) 208-2951

  The Court prefers that reservations for the ex parte calendar be made by e-mail.

**Tentative Rulings**

The court will issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 114
- Tentative Ruling Line after July 1, 2007:  1-866-223-2244

Dated:  05/11/2007                                    Executive Officer / Clerk of the Superior Court

                        By    _Shirley G. Cooper_
                                              Deputy Clerk

**CLERK'S CERTIFICATE OF MAILING**
I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/14/2007

By        *Shirley J. Cooper*
                    Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* |
| --- |
| Patrice R. Zabell (SBN 215459) |
| LAW OFFICES OF PATRICE R. ZABELL |
| 2700 Ygnacio Valley Rd. |
| Suite 270 |
| Walnut Creek, CA 94598-3463 |

TELEPHONE NO. (925) 932-9455    FAX NO.:

ATTORNEY FOR *(Name):*

*5671766*

FILED
ALAMEDA COUNTY

APR 26 2007

Deb. off. Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson County Courthouse

CASE NAME: McGregor v. American Diabetes Association, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
| --- | --- | --- | --- | --- |
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | | RG07321422 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
| --- | --- | --- |
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Medical malpractice (45) | [ ] Wrongful eviction (33) | |
| [ ] Other PI/PD/WD (23) | [ ] Other real property (26) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Writ of mandate (02) | |
| **Employment** | [ ] Other judicial review (39) | |
| [ ] Wrongful termination (36) | | |
| [X] Other employment (15) | | |

**2.** This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

**3.** Type of remedies sought *(check all that apply):*
a. [X] monetary    b. [ ] nonmonetary; declaratory or injunctive relief    c. [ ] punitive

**4.** Number of causes of action *(specify):*  Three

**5.** This case [ ] is  [X] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: April 23, 2007

Patrice R. Zabell (SBN 215459)

TYPE OR PRINT NAME    ▶ *Patrice R. Zabell*    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

*Legal Solutions Plus*

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: McGregor v. American Diabetes Assn. | Case Number: RGO7321422 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| [X] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447) [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |
|---|---|

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G)<br>Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 30 Civil rights (G) |
| | Defamation (13) | [ ] 34 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [X] 35 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 31 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial | Is the deft. in possession of the property? [ ] Yes [ ] No |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential | |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs | |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate |
| | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 28 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |

A-13

# EXHIBIT B

Steven R. Blackburn, State Bar No. 154797
Joseph D. Miller, State Bar No. 109032
Jang Hyuk Im, State Bar No. 181836
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone: 415.398.3500
Facsimile: 415.398.0955

Attorneys for Defendant
AMERICAN DIABETES ASSOCIATION

ENDORSED
FILED
ALAMEDA COUNTY

MAY 3 4 2007

CLERK OF THE SUPERIOR COURT
By KMEL DHILLON, Deputy

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ALAMEDA

BY FAX

| | |
|---|---|
| MARILEE McGREGOR,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN DIABETES ASSOCIATION.,<br>an Ohio non-profit corporation; and DOES 1-<br>10, inclusive,<br><br>Defendants. | CASE NO.  RG07321422<br><br>**ANSWER OF AMERICAN DIABETES<br>ASSOCIATION**<br><br><br>Complaint Filed:  April 18, 2007 |

Defendant, AMERICAN DIABETES ASSOCIATION, a non-profit corporation registered in the State of Ohio, with its principle place of business in the State of Virginia (hereinafter "ADA"), for itself and no other defendant, answers Plaintiff's Complaint as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant ADA generally and specifically denies each and every allegation of the Complaint.  ADA further denies that Plaintiff has sustained any damage or damages by reason of any act or omission on the part of ADA, and specifically denies Plaintiff is entitled to any recovery from ADA in any amount whatsoever on any basis.  ADA denies it owes any unfulfilled duty or obligation to Plaintiff on any basis whatsoever.

## AFFIRMATIVE DEFENSES

Pursuant to California Code of Civil Procedure Section 431.30(b)(2), ADA alleges the following separate affirmative defenses to Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State Claim for Relief)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, ADA avers that Plaintiff failed to state facts sufficient to constitute a claim for relief against ADA.

### SECOND AFFIRMATIVE DEFENSE

#### (Employment At-Will)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, ADA avers that Plaintiff was an at-will employee and has no claim for relief against ADA.

### THIRD AFFIRMATIVE DEFENSE

#### (Parole Evidence Rule Bars Contradicting At-Will Employment Terms)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, ADA avers that Plaintiff is barred to present parole evidence in modifying, changing, or amending the at-will employment relationship with ADA.  California Code of Civil Procedure § 1856(a); *Starzynski v. Capital Pub. Radio, Inc.* (2001) 88 Cal. App. 4th, 33, 37.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, ADA avers based on information and belief that Plaintiff has failed to mitigate, minimize or avoid her damages.

### FIFTH AFFIRMATIVE DEFENSE

#### (No Failure to Pay Final Wages)

As and for a separate and distinct affirmative defense to Plaintiff's Second claim for relief, ADA avers that Plaintiff was timely paid her salary owed, including accrued vacation.  If there was a delay in any payment of wages, it was not done willfully.

## SIXTH AFFIRMATIVE DEFENSE

### (No Promissory Estoppel Claim)

As and for a separate and distinct affirmative defense to Plaintiff's Third claim for relief, ADA avers that where the employee agrees to perform services, traditional breach of contract analysis governs liability. *Youngman v. Nevada Irrig. Dist.* (1969) 70 Cal. 2d 240, 249-250.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, ADA avers that Plaintiff's claims against ADA are barred in whole or in part by the doctrines of waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Full Performance)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, ADA avers that it has performed all of its contractual obligations.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, ADA avers that Plaintiff is estopped to assert each such claim by the equitable doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Discharge)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, ADA avers that Plaintiff's claims against ADA are barred in whole or in part because ADA discharged and satisfied all of its contractual obligations to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Duties Owed)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, ADA avers that Plaintiff's claims are barred because ADA did not owe Plaintiff the duties claimed to have been breached.

## TWELFTH AFFIRMATIVE DEFENSE

### (Performance Excused)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, ADA avers that Plaintiff's claims are barred because ADA's performance was excused.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Mutuality of Obligation)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, ADA avers that Plaintiff's claims are barred in whole or in part for lack of mutuality of obligation.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, ADA avers that Plaintiff's claims are barred in whole or in part due to the statute of frauds. California Civil Code § 1624(a)1.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Establish a Contract)

As and for a separate and distinct affirmative defense to each of Plaintiff's claims for relief, ADA avers that Plaintiff failed to establish a contract or whether that contract is oral or written.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reservation)

ADA reserves the right to rely on such other and further affirmative defenses as may be supported by facts to be determined through full and complete discovery and to amend its Answer to assert such additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, THE AMERICAN DIABETES ASSOCIATION pray judgment as follows:

1)    That the Complaint be dismissed in its entirety with prejudice, and that Plaintiff take nothing by this action;

2)    That the court award judgment in favor of ADA;

3)    That ADA be awarded its costs of suit, including attorneys' fees; and,

4)    Any and such further relief as this court may deem proper.

DATED:  May 24, 2007

EPSTEIN BECKER & GREEN, P.C.

By: _____
　　　Steven R. Blackburn
　　　Joseph L. Miller
　　　Jang Hyuk Im

Attorneys for Defendant
AMERICAN DIABETES ASSOCIATION

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3. I served copies of the following documents (specify the exact title of each document served):

### ANSWER OF AMERICAN DIABETES ASSOCIATION

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

> Patrice R. Zabell                          Attorneys for Plaintiff
> Law Offices of Patrice R. Zabell,
> 2700 Ygnacio Valley Road, Suite 270
> Walnut Creek, CA 94598-3643

5. a. ☐ **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. ☒ **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) ☒ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at , California.

   c. ☐ **By overnight delivery**. I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐  **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ☐  **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6    I served the documents by the means described in item 5 on *(date):* May 24, 2007

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 05/24/07 | Doreen Garrett | |
|---|---|---|
| Date | (Type or Print Name) | (Signature of Declarant) |

### DECLARATION OF MESSENGER

☐  **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):* _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| Date | (Type or Print Name) | (Signature of Declarant) |

**EXHIBIT C**

SUMMONS
(CITACION JUDICIAL)

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
AMERICAN DIABETES ASSOCIATION and DOES 1-10, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
MARILEE McGREGOR

FILED BY FAX
ALAMEDA COUNTY
April 18, 2007
CLERK OF
THE SUPERIOR COURT
By Robbi McIntosh, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO despues de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es)* Alameda County Superior Court Rene C. Davidson Alameda County Courthouse 1225 Fallon Street Oakland, CA 94612 | CASE NUMBER: *(Número del Caso)* RG07321422 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Patrice R. Zabell, Esq.                    (925) 932-9455
Law Offices of Patrice R. Zabell
2700 Ygnacio Valley Road, Suite 270
Walnut Creek, CA 94598

DATE           April 18, 2007          Clerk, by _____ Robbi McIntosh, Deputy
*(Fecha)*                               *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

| | |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |

Page 1 of 1

Solutions
Plus

**EXHIBIT D**



## SOP Transmittal Information : Duane Brown-American Diabetes Association

Log Number : 512180265

**To:** Duane A. Brown
American Diabetes Association
1701 N. Beauregard Street
Alexandria
VA, 22311-
Phone: 703-299-5532

**Re:** **Process Served in California**

**For:** American Diabetes Association  (Domestic State: OH)

**Title of Action:** Marilee McGregor, Pltf. Vs American Diabetes Association, et al., Dfts.

**Document(s) Served:** Notice and Acknowledgment of Receipt(2 Sets), Cover Sheet, Summons, Complaint, Stipulation Form, Attachments, Self Addressed Envelope

**Court/Agency:** Alameda County, Oakland, Superior Court, CA

**Nature of Action:** Employee Litigation - Wrongful Termination - On or about 06/06/2006 - On the basis of failure to meet contribution goals

**On Whom Process Was Served:** C T Corporation System, Walnut Creek, CA

**Date And Hour of Service:** By Regular Mail on 05/01/2007

**Post Marked:** postmarked on 04/24/2007

**Appearance or Answer Due:** Within 20 days from date of mailing dated [April 24, 2007] - Complete acknowledgment form and return // Within 30 days after service - file an answer

**Attorney/Sender:** Patrice R. Zabell
Law Offices of Patrice R. Zabell
2700 Ygnacio Valley Rd.
Suite 270
Walnut Creek
CA, 94598-3463
Phone: 925-932-9455

**Remarks:** Enclosed is a Notice and Acknowledgment of Receipt of Summons and Complaint for your consideration. Please be aware that C T Corporation does not sign on behalf of your company.

Transmittal History

**Action Items:** SOP Papers with Transmittal, via Fed Ex 2
Day, 798164432752

Email Notification,  Duane A. Brown  brownde@diabetes.org

**Signed:** C T Corporation System

**Per:** Dianne Christman

**Address:** 818 West Seventh Street
Los Angeles
CA, 90017

**Telephone:** 213-337-4615

**Plaintiff:** Marilee McGregor, Pltf.

**Case #:** RG07321422

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.   My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3.   I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY JURISDICTION)**

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

Patrice R. Zabell, SBN 215459
Law Offices of Patrice R. Zabell          Attorney for Plaintiff:
2700 Ygnacio Valley Road
Suite 270                                 Marilee McGregor
Walnut Creek, CA 94598-3463

5.   a.  ☐   **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

     b.  ☒   **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

          (1)  ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

          (2)  ☒   placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

          I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at , California.

     c.  ☐   **By overnight delivery**. I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

- 4 -

SF:142691v1

**d.** ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

**e.** ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

**f.** ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6.    I served the documents by the means described in item 5 on *(date)*: May 30, 2007

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 5/30/2007 | V Chuy A Li | |
| --- | --- | --- |
| Date | (Type or Print Name) | (Signature of Declarant) |

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date)*: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| _____ | _____ | |
| --- | --- | --- |
| Date | (Type or Print Name) | (Signature of Declarant) |

- 5 -