PATRICE R. ZABELL, SBN# 215459
LAW OFFICES OF PATRICE R. ZABELL
2700 Ygnacio Valley Road, Suite 270
Walnut Creek, California 94598-3463
Telephone:     (925) 932-9455
Facsimile:      (925) 932-9468

Attorney for Plaintiff
Marilee McGregor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| MARILEE McGREGOR,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AMERICAN DIABETES ASSOCIATION; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 3:07-CV-02820-MEJ<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>**Date:  August 9, 2007**<br>**Time:  10:00 a.m.**<br>**Courtroom No.:  Courtroom B, 15th Floor**<br>**Judge:  Hon. Maria-Elena James** |

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 9, 2007, at 10:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom B, of the above entitled Court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California, Plaintiff will, and does, move the Court for an order remanding this case to state court.

This motion is made under 28 U.S.C.A. § 1447(c),  FRCP 7(b), and ND CA Rule 7–1 ff., on the ground that the Defendant has not met its burden of proof that the notice of removal was filed by Defendant within the 30-day time limitation imposed by 28 U.S. § 1441(b).

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

1   PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION

1  Plaintiff further will and does move the Court for an order that Defendant pay to Plaintiff all costs and actual expenses, including attorney fees, incurred as a result of the removal of this case to this Court on the grounds that Defense Counsel had no reasonable basis to believe that removal was proper and failed to disclose facts necessary to determine removability.

Plaintiff further will and does move the Court for an order imposing sanctions against opposing counsel under Rule 11 of the Federal Rules of Civil Procedure, on the ground that the notice of removal was not well grounded in fact, and was interposed for the purpose of causing unnecessary delay and needlessly to increase the cost of litigation.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declarations of Plaintiff's attorney, Patrice R. Zabell, and legal assistant Renee Morrissey filed herewith, the Request for Judicial Notice filed herewith, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

**POINTS AND AUTHORITIES**

**I.  Defendant's Notice Of Removal Was Untimely And Thus Should Be Remanded Back To State Court.**

A defendant must file a notice of removal within 30 days after receipt of the first pleading in the state action (through service or otherwise) that sets forth a removable claim. 28 U.S.C.A. § 1441(b). Any defect in removal procedure is grounds for remand of a removed case. 28 U.S.C.A. § 1447(c). Party seeking removal has burden of establishing federal jurisdiction. *Donald I. Galen, M.D., Inc. v. McAllister,* 833 F.Supp. 761 (N.D.Cal.1992).

In the instant action, opposing counsel's attempt to remove the action is not supportable because opposing counsel has proffered inadmissible evidence to prove that the first date upon which Defendant received a copy of the Summons and Complaint, and thus first received notice that this action was subject to removal on the basis of diversity jurisdiction was May 1, 2007. (Notice of Removal of Action Under 28 U.S.C. § 1441(b) and Exh. D to Defendant's Notice of Removal of Action Under 28 U.S.C. § 1441(b)). The moving party need not disprove

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

2  PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION

1 matters upon which the opposing party bears the burden of proof at trial. Thus, the burden is on
2 plaintiff to show competent evidence of the existence of each element of his or her claim.
3 *Celotex Corp. v. Catrett,* 477 US 317 (1986). Plaintiff's motion for remand effectively forces
4 defendant—the party who invoked the federal court's removal jurisdiction—to prove by a
5 preponderance of evidence whatever is necessary to support the petition: e.g., the existence of
6 diversity, the amount in controversy, or the federal nature of the claim. *Gaus v. Miles, Inc.,* 980
7 F2d 564, 566 (9th Cir. 1992). The evidence submitted to the court must meet all requirements
8 for admissibility of evidence if offered at the time of trial. *See*, ND CA Rule 7–5(b). This
9 means that the declarations or affidavits must be made by witnesses having personal knowledge
10 of the facts stated therein; state facts that would be admissible evidence (rather than hearsay
11 statements by others, or the declarant's opinions or conclusions); and affirmatively show that
12 the witness would be competent to testify at trial. FRCP 56(e). Exhibit D is hearsay.
13 Opposing counsel has not properly authenticated Exhibit D, nor has opposing counsel laid a
14 proper foundation for Exhibit D. On these grounds, Plaintiff objects to Defendant's
15 introduction of Exhibit D to the Notice of Removal, and this Court should disregard it for the
16 purpose of proving that Defendant's Notice of Removal was timely made. Defendant has failed
17 to meet the burden of proof required to support Defendant's Notice of Removal; therefore, this
18 Court should remand the instant action.
19     In the alternative, Plaintiff asserts that opposing counsel's attempt to remove the action
20 is not supportable because Defendant's proffered evidence is improvident: in fact, Exhibit D
21 proves the opposite, i.e., Defendant's Notice of Removal was not timely filed. Under removal
22 statute, 30-day period for filing notice of removal commenced to run on date complaint was
23 served, rather than date moving party received courtesy copy of initial unserved pleading.
24 *Bennett v. Allstate Ins. Co.* 753 F.Supp. 299 (N.D.Cal., 1990). Plaintiff's counsel served the
25 complaint via U.S. mail on C T Corporation Systems in <u>Los Angeles</u> on April 24, 2007, a
26 Tuesday. (Decl. of Renee Morrissey; Plaintiff's Request for Judicial Notice). The document
27 that opposing counsel proffers to prove that service occurred on May 1, 2007, states that
28 process was served on C T Corporation System in <u>Walnut Creek</u>, CA, by regular mail, on

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

3   PLAINTIFF'S NOTICE OF MOTION AND MOTION
FOR ORDER REMANDING CASE TO STATE COURT
AND AWARDING COSTS AND ATTORNEYS' FEES
AND POINTS AND AUTHORITIES IN SUPPORT OF
MOTION

05/01/07. (Exh. D-1, Defendant's Notice of Removal of Action Under 28 U.S.C. § 1441(b)). The document was signed by C T Corporation System per Dianne Christman at 818 West Seventh Street, Los Angeles, CA, the address to which Plaintiff's counsel mailed the summons and complaint. (Exh. D-2, Defendant's Notice of Removal of Action Under 28 U.S.C. § 1441(b)). It is obvious that if the summons and complaint were received in Walnut Creek on May 1, 2007, which was a Tuesday, then they had to have been received in Los Angeles prior to May 1, 2007, and then subsequently mailed by Defendant's agent for service of process to its Walnut Creek office. Therefore, the date upon which Defendant's authorized agent for service of process received the summons and complaint is the date C T Corporation received them in Los Angeles, not Walnut Creek, and Defendant's Notice of Removal was not timely filed. On this basis, Plaintiff requests that this Court remand the instant action.

**II. Court Should Award Costs And Attorneys Fees To Plaintiff Because Defendant Did Not Have A Reasonable Basis For Removal And Failed To Disclose Facts Necessary To Determine Removability.**

The decision to award costs and attorney's fees on a remand motion is discretionary. *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 709 (U.S. 2005). Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal. *Id.* at 711. However, even if defendant had reasonable grounds for removal so that fees ordinarily would be denied, "unusual circumstances" may warrant such an award, e.g., a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction. *Id.* at 711.

The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (U.S., 2005). Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. *Id*. District court has broad discretion to award costs, including attorney fees, under statutory provision governing remand of removed cases *Calero v. Unisys Corp.*, 271 F.Supp.2d 1172 (N.D. Cal., 2003). To award attorney fees upon grant of motion to remand, the court need not find that the removal was frivolous,

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

4   PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION

vexatious or otherwise attempted for an improper purpose; such an award is intended rather to serve the statutory purpose of more generally reducing the possibility of abuse, unnecessary expense or harassment that can attend an improper removal. *Pacific Maritime Ass'n v. Mead*, 246 F.Supp.2d 1087 (N.D. Cal., 2003). As matter of public policy, party forced to bring motion to remand improperly removed case generally should be fully reimbursed for its costs in remanding case where the removal was in bad faith or otherwise. *Moore v. Kaiser Foundation Hospitals, Inc.*, 765 F.Supp. 1464 (N.D.Cal., 1991). An award of attorney fees is inappropriate, however, "where the defendant's attempt to remove the action was fairly supportable and where there has been no showing of bad faith." *Schmitt v. Insurance Co. of No. America,* 845 F2d 1546, 1552 (9th Cir. 1988). However, [t]he removal notice must be based on reasonable inquiry into the jurisdictional facts asserted. It is immaterial that the attorney signing the removal notice subjectively (in "good faith") believed the facts alleged were correct if they had no objectively reasonable basis for such belief. *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group,* 823 F2d 302, 304–305 (9th Cir. 1987).

      In the instant action, opposing counsel had no objectively reasonable basis for asserting that Defendant's Notice of Removal was timely made. Exhibit D, the only evidence opposing counsel has proffered to support his assertion that removal was timely, is hearsay, and lacks both foundation and authentication. Moreover, opposing counsel, Joseph Miller, telephoned attorney Patrice R. Zabell on 5/23/07 and inquired about records relating to service of the summons and complaint. Plaintiff's attorney confirmed that her records indicate that the summons and complaint were mailed on April 24, 2007, to C T Corporation Systems in Los Angeles, Defendant's authorized agent for service of process pursuant to the California Secretary of State's website. (Decl. of Patrice R. Zabell). At the very bottom of Defendant's Exhibit D is C T Corporation System's file name and path indicating that the document was generated on 5/30/07 – one week after Joseph Miller spoke with Patrice R. Zabell. Applying simple logic, either someone working for Defendant or opposing counsel must have requested that the document be sent to them. In fact, Exhibit D was directed to Duane A. Brown, Attorney at Law and Vice President, Legal Affairs and Administrative Services for Defendant.

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

5    PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION

1  (Exh. D-1, Defendant's Notice of Removal; Decl. of Duane Brown, Esq. in Support of
2  Removal of Action Under 28 U.S.C. § 1441(b), para. 1).  In either case, opposing counsel had
3  to know that Defendant's Exhibit D, the only evidence he presented to this Court in support of
4  his assertion that the Notice of Removal was timely made, misrepresented the matter asserted.
5  On this basis, Plaintiff respectfully requests that this Court find that opposing counsel
6  submitted the Notice of Removal absent reasonable inquiry.  Plaintiff requests that the Court
7  award attorneys fees and costs to Plaintiff in the amount of $5,750.00.  (Decl. of Patrice R.
8  Zabell).

**III.    This Court Should Sanction Opposing Counsel Pursuant To Rule 11 Of The Federal Rules Of Civil Procedure On The Grounds That Defense Counsel Proffered Evidence that was (1) inadmissible, (lacking both foundation and authentication); (2) Proffered Improvident Evidence which In Fact Disproves that Defendant's Notice of Removal was Timely filed; and (3) Defendant's Notice of Removal Was Interposed For The Purpose Of Causing Unnecessary Delay And Needlessly To Increase The Cost Of Litigation.**

By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion or other paper, an attorney or unrepresented party certifies that it has read the paper, and "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonably under the circumstances it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, (FRCP 11(b)(1)); and that the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, (FRCP 11(b)(3). This certification is designed to create an affirmative duty of investigation both as to law and as to fact, and thus to deter frivolous actions and costly meritless maneuvers. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 US 533, 550 (U.S. Cal., 1991); *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F2d 1531, 1536 (9th Cir. 1986).  Whether the certification is violated is tested objectively: i.e., "if the paper filed ... is frivolous, legally unreasonable, or without factual foundation, even though ... not filed in subjective bad faith." *Zaldivar v. City of Los Angeles,* 780 F2d 823, 831 (9th Cir. 1986).  Moreover, [c]ounsel can no

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

6   PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION

1  longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and
2  empty head." *Smith v. Ricks,* 31 F3d 1478, 1488 (9th Cir. 1994).  Sanctions may also be
3  awarded against a represented party based on a finding of objective unreasonableness under the
4  circumstances. Subjective good faith is not the test. *Business Guides, Inc., supra,* 498 US at
5  549.

6  Exhibit D to Defendant's Notice of Removal, coupled with the evidence presented to
7  this Court in the Declarations of legal assistant Renee Morrissey and attorney Patrice R. Zabell,
8  concerning service of the summons and complaint in this action, proves bad faith.  As
9  summarized above, Exhibit D to Defendant's Notice of Removal is hearsay, lacking foundation
10 and authentication. Moreover, opposing counsel, Joseph Miller, telephoned Plaintiff's attorney
11 Patrice R. Zabell on 5/23/07 and inquired about attorney Zabell's records relating to service of
12 the summons and complaint.  Zabell confirmed that her records indicate that the summons and
13 complaint were served on Defendant's authorized agent for service of process in Los Angeles
14 pursuant to the California Secretary of State's website. (Decl. of Patrice R. Zabell).  At the very
15 bottom of Exhibit D is C T Corporation System's file name and path indicating that the
16 document was produced on 5/30/07 – one week after Miller's telephone conversation with
17 Zabell. Either someone working for Defendant or opposing counsel must have requested that
18 the document be sent to them.  In either case, opposing counsel had to know that his Exhibit D,
19 the evidence he presented to this Court in support of his assertion that the Notice of Removal
20 was timely made, misrepresented the matter asserted.  On this basis, Plaintiff respectfully
21 requests that this Court find that Defendant submitted its Notice of Removal in bad faith, and
22 sanction opposing counsel pursuant to FRCP 11, as the Court deems appropriate.

## **CONCLUSION**

24 For the reasons set forth above, Plaintiff respectfully requests that this Court remand the
25 instant action. Plaintiff further requests that the clerk of the Federal Court mail a certified copy
26 of the remand order to the clerk of the state court, in accordance with 28 U.S.C.A. § 1447(c), so
27 that the state court may proceed with the action. Plaintiff further requests that the Court award
28

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

7   PLAINTIFF'S NOTICE OF MOTION AND MOTION
FOR ORDER REMANDING CASE TO STATE COURT
AND AWARDING COSTS AND ATTORNEYS' FEES
AND POINTS AND AUTHORITIES IN SUPPORT OF
MOTION

1  attorneys fees and costs to the Plaintiff in the amount of $5,750.00.  Finally, Plaintiff requests
2  that the Court sanction opposing counsel pursuant to FRCP 11 as the Court deems appropriate.
3  DATED: June 28, 2007                        Respectfully submitted,
4                                              LAW OFFICES OF PATRICE R. ZABELL
5
6                                              By:    /s/ Patrice R. Zabell
7                                                     PATRICE R. ZABELL
                                                      Attorney for Plaintiff

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

8   PLAINTIFF'S NOTICE OF MOTION AND MOTION
    FOR ORDER REMANDING CASE TO STATE COURT
    AND AWARDING COSTS AND ATTORNEYS' FEES
    AND POINTS AND AUTHORITIES IN SUPPORT OF
    MOTION