Steven R. Blackburn, State Bar No. 154797
sblackburn@ebglaw.com
Joseph D. Miller, State Bar No. 109032
jmiller@ebglaw.com
Jang Hyuk Im, State Bar No. 181836
jim@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone: 415.398.3500
Facsimile: 415.398.0955

Attorneys for Defendant
AMERICAN DIABETES ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILEE McGREGOR,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN DIABETES ASSOCIATION, an Ohio non-profit corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO. 3:07-CV-02820-MEJ<br><br>AMERICAN DIABETES ASSOCIATION'S OPPOSITION TO MOTION FOR REMAND AND FOR COSTS, FEES, AND RULE 11 SANCTIONS<br><br>Date:  August 9, 2007<br>Time:  10:00 AM<br>Dept:  Courtroom B, 15th Floor<br>Judge: Hon. Maria-Elena James |

        Defendant American Diabetes Association ["ADA"], hereby opposes Plaintiff Marilee McGregor's ["McGregor"] motion to remand, and for cost and fees, and Rule 11 sanctions. ADA's Removal was timely and the motion for remand must be denied. If sanctions are awarded, they should be assessed against Plaintiff's counsel for bringing this frivolous motion.

I. **BACKGROUND OF THE PRESENT MATTER**

        Plaintiff McGregor filed a complaint against the Defendant ADA on April 18, 2007 in the Alameda Superior Court. Defendant received the summons and complaint through its legal agent for service of process, CT Corporation on May 1, 2007. Jere Keprios Declaration.

- 1 -

1  Defendant properly and timely removed the case on May 30, 2007. The basis for the removal is
2  diversity jurisdiction. Plaintiff does not dispute that there is diversity between the parties. The
3  sole basis for remand is Plaintiff's unfounded surmise that the removal was not timely.

4        Unquestionably Defendant's removal was filed within 30 days of when
5  Defendant's agent for service of process received the summons and complaint.

## II. ARGUMENT

### A. DEFENDANT'S REMOVAL WAS TIMELY

"A state court civil action may be removed by the defendant to federal court if done so within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). California Code of Civil Procedure § 416.10 provides that a summons may be served on a corporation by delivering a copy of the summons and complaint to the corporation's designated agent for service of process, to the president or other head of the corporation, or to a person authorized to receive process for the corporation. "As a general rule, a complaint is considered received by a corporation when it is received by an agent authorized to accept service of process." *Tech-Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F. 3d 963, 968 (6th Cir. 1993).

Here, Defendant's registered agent for service of process, CT Corporation, received the McGregor Summons and Complaint on May 1, 2007. Keprios Dec. ¶ 5. CT Corporation received the Summons and Complaint at its Los Angeles, California office which is its designated office for receipt of service of process. *Id.*

Plaintiff objects to CT Corporation's Service Of Process Transmittal Form ["CT Transmittal Form"] attached as Exhibit D in Defendant's Removal Notice as hearsay. The argument should be disregarded for several reasons. First and most telling is that the diversity jurisdiction statute, 28 U.S.C. section 1446(a) does not make removal dependent upon admissible evidence. All that the statute requires is "a short and plain statement together with a copy of all process, pleadings ...." 28 U.S.C. §1446(a). This is precisely what is contained in ADA's

- 2 -

1  Notice of Removal. Indeed an attorney's signed certification stating the date of receipt and
2  attaching a copy of the summons and complaint is the format recommended by Judge Schwarzer,
3  *et al.* in *Cal. Prac. Fed. Civ. Pro. Before Trial.* See Schwarzer, *et al. Cal. Prac. Fed. Civ. Pro.*
4  *Before Trial* Rutter Group, Form 2:B Attorney's Declaration re: date of receipt of summons and
5  complaint. The rationale underlying the requirement for the notice of removal is that it must be
6  signed by the attorney subject to the certification requirements of Federal Rule 11. *Id.* at
7  ¶ 2:1113. *See Rockwell Int'l. Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302,
8  304-05 (9th Cir. 1987) (Removal notice must be based on reasonable inquiry into jurisdictional
9  facts asserted.)

10  Second, Plaintiff's argument fails to recognize the difference between a Motion
11  and a Notice of Removal. While a motion or for that matter an opposition to a motion is subject
12  to the Rules of Evidence, there is no such requirement for a Notice of Removal. Significantly,
13  Plaintiff does not cite any authority whether from the Federal Rules of Evidence nor this District
14  Court's Local Rules to support the contention that a Notice of Removal must be supported by
15  ironclad hearsay resistant evidence. Her reference to Northern District Local Rule 7-5(b) is
16  unhelpful because it expressly refers to "contentions made in support of or in opposition to any
17  motion."

18  Third, even assuming a Notice of Removal must be hearsay proof, the CT
19  Transmittal Form attached to the Notice of Removal qualifies as a business record under Federal
20  Rule of Evidence 803(6). Keprios Dec. ¶ 4.

21  Additionally, Plaintiff argues that CT Corporation received the summons and
22  complaint before May 1, 2007. Plaintiff offers no facts, however, to support her argument.
23  Plaintiff provides two declarations, one from her attorney, Ms. Patrice R. Zabell, and one from
24  Ms. Zabell's assistant, Ms. Renee Morrissey. Neither declaration establishes that CT
25  Corporation received the Summons and Complaint before May 1, 2007. All that the declarations
26  attest is that the summons and complaint were sent by US First Class mail on April 24, 2007.
27  But the date of mailing is irrelevant for removal purposes. The relevant date is the date that
28  Defendant's agent received the summons and complaint. 28 U.S.C. § 1446(b) ("notice of

removal shall be filed within 30 days after the receipt by defendant of a copy of the initial pleading").

Plaintiff's reliance on *Bennett v. Allstate Ins. Co.*, 753 F. Supp. 299 (N. D. Ca. 1990) is misplaced because contrary to Plaintiff's argument, the *Bennett* case does not state that the time for removal begins to run upon service of the complaint. The *Bennett* court explicitly stated:

> As a result, the court finds Allstate's removal of the action within thirty days after *receipt* of service of the complaint was timely.

*Id.* at 304 (emphasis added.)

Plaintiff's counsel's rehash of her May 23 conversation with Joseph Miller, Defendant's counsel is neither relevant nor helpful to Plaintiff's argument. Opening Memo at 5:18- 6:8. The conversation involved when and whether service had been made because proofs of service had not been filed by Plaintiff.[1] Plaintiff leapfrogs from this conversation to the strange conclusion that the May 30, 2007 date printed at the bottom of the CT Transmittal Form somehow shows the May 1 receipt date was fabricated. Or in Plaintiff's unsubstantiated opinion the notice of removal "misrepresented the matter asserted." Opening Memo at 6:4. Of course, there is not the slightest bit of evidence to support this. The May 30 date is the date the CT Transmittal Form was printed from CT Corporation's business record's database. Nothing more, nothing less.

Plaintiff also opines that the summons and complaint were received by CT Corporation's Walnut Creek, California office on May 1, 2007, as indicated on the CT Transmittal Form. Plaintiff concludes that this proves the summons and complaint was received at CT Corporation's Los Angeles office before May 1, 2007. CT Corporation's Walnut Creek office, however, has nothing to do with service of process. It is merely a sales office. *Id.* at ¶ 6. Its reference on the CT Transmittal Form was incorrect. The point remains that CT

---

[1] During this same conversation, defense counsel advised that ADA intended to remove the case on diversity jurisdiction. Plaintiff's counsel's responded that Defendant could not remove because it did business in California – a clear indication that Plaintiff's counsel does not appreciate the not so nuanced distinction between personal and subject matter jurisdiction.

- 4 -

1 Corporation's Walnut Creek office never received the McGregor complaint. *Id.* Keprios'
2 Declaration, CT Corporation's Service of Process Transmittal, and CT Transmittal Form all
3 corroborate that the Summons and Complaint were received on May 1, 2007 at CT Corporation's
4 Los Angeles office.

5 Following receipt of the summons and complaint, CT Corporation sent an email
6 to ADA's General Counsel, Duane Brown notifying him of the fact of service. And thereafter a
7 copy of the summons and complaint was sent to him by Federal Express. Brown Dec. ¶¶ 3 and
8 4.

9 **B.    SANCTIONS MUST BE IMPOSED AGAINST PLAINTIFF**

10 The test imposed by Rule 11 is an objective one. The certification requirements
11 of Rule 11 are violated "if the paper filed…is frivolous, legally unreasonable, or without factual
12 … foundation, even though…not filed in subjective bad faith." *Zaldivar v. City of Los Angeles*,
13 780 F.2d 823, 831 (9th Cir. 1986) (footnote omitted). There is no question that the facts and law
14 show that Defendant's removal was timely. And there is no question that Plaintiff proceeded
15 with this wasteful motion knowing that her arguments were frivolous and baseless.

16 Before filing this motion, Plaintiff's counsel sent a letter to Defendant's counsel
17 requesting that Defendants stipulate to remand. Miller Dec. Ex. 1; 6/20/07 Letter from Zabell.
18 In the letter, she incorrectly cited several cases in support of her argument that the removal
19 period starts on date of service. In a responsive letter, Defense counsel explained that Plaintiff's
20 authority, *Tech-Hills II Assocs.*, did not hold that and actually support Defendant's position.
21 That case stated: "As a general rule, a complaint is considered received by a corporation when it
22 is *received* by an agent authorized to accept service of process." *Tech-Hills II Assocs.*, 5 F.3d at
23 968. (emphasis added.) Miller Dec. Ex. 2; 6/22/07 Letter from Miller.

24 Separately as noted above, Plaintiff's motion misstates the *Bennett* case. Opening
25 Memo at 3:21-24. Contrary to Plaintiff's argument, the case does not state that the 30 day period
26 for filing removal starts on the date of service. *Bennett* like legions of other cases, states that the
27 30 day removal period starts upon *receipt* of service. *Id.* at 304.

28

Plaintiff's counsel knowingly disregarded the law and rather than arguing facts, makes wholly unsubstantiated insinuations of malfeasance by CT Corporation and defense counsel.

Plaintiff's remand motion is frivolous, unreasonable, and without foundation. The Court should enter Rule 11 sanctions against Plaintiff and her counsel.

## III. CONCLUSION

This matter was properly removed to federal court. Defendant has proven beyond a doubt that removal was timely. Plaintiff's motion to remand, cost, fees, and Rule 11 sanctions should all be denied. Instead, Plaintiff should be sanctioned for bringing this frivolous motion.

DATED: July 19, 2007

Epstein Becker & Green, P.C.

By: _/s/ Joseph D. Miller_
Steven R. Blackburn
Joseph D. Miller
Jang Hyuk Im

Attorneys for Defendant
AMERICAN DIABETES ASSOCIATION