1  Steven R. Blackburn, State Bar No. 154797
   sblackburn@ebglaw.com
2  Joseph D. Miller, State Bar No. 109032
   jmiller@ebglaw.com
3  Jang Hyuk Im, State Bar No. 181836
   jim@ebglaw.com
4  EPSTEIN BECKER & GREEN, P.C.
   One California Street, 26th Floor
5  San Francisco, California 94111-5427
   Telephone: 415.398.3500
6  Facsimile: 415.398.0955

7  Attorneys for Defendant
   AMERICAN DIABETES ASSOCIATION
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12 MARILEE McGREGOR,                    CASE NO. 3:07-CV-02820-MEJ

13            Plaintiff,                **DECLARATION OF JOSEPH D.
                                        MILLER IN SUPPORT OF OPPOSITION
14      v.                              TO PLAINTIFF'S MOTION FOR
                                        ORDER REMANDING CASE TO STATE
15 AMERICAN DIABETES ASSOCIATION,       COURT**
   an Ohio non-profit corporation; and DOES 1-
16 10, inclusive,

17            Defendants.

18

19      I, Joseph D. Miller, declare:

20      1.   I am an attorney licensed to practice in the State of California and

21 admitted to practice in the United States District Court, Northern District of California. I make

22 this declaration in support of Defendant American Diabetes Associations' Opposition to

23 Plaintiff's Motion for Order Remanding the Case to State Court.

24      2.   Attached as Exhibit 1 is a true and correct copy of the letter Ms. Patrice R.

25 Zabell forwarded to my attention on June 20, 2007 via facsimile and U.S. mail.

26      3.   Attached as Exhibit 2 is a true and correct copy of the letter dated June 22,

27 2007 which I forwarded via facsimile and U.S. mail to Ms. Zabell responding to her June 20,

28 2007 letter.

- 1 -

SF:145320v1                                            Joseph D. Miller Declaration
                                                       Case No. 3:07-CV-02820-MEJ

1       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and of my own knowledge.

      Executed on July 19, 2007, at San Francisco, California.

_____
Joseph D. Miller

# EXHIBIT 1

# Law Offices of Patrice R. Zabell

2700 Ygnacio Valley Road
Suite 270
Walnut Creek, California 94598-3463

Phone (925) 932-9455
Fax (925) 932-9468
Email: zabell_law@sbcglobal.net

---

**VIA FACSIMILE (415)398-0955**
**AND U.S. MAIL**

June 20, 2007

Mr. Joseph Miller, Esq.
Epstein Becker & Green
1 California St., Suite 2600
San Francisco, CA 94111

Re: <u>McGregor v. American Diabetes Assn., et al.</u>

Dear Mr. Miller:

The purpose of this letter is our attempt to resolve via stipulation issues related to your Notice to State Court of Filing of Removal of Action in the above-referenced case.

28 U.S. § 1446 requires that the notice of removal of a civil action be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. You assert that your Notice of Removal was timely filed based on a service date of May 1, 2007. (Def.'s Notice of Removal, 1:28-2-1). We contend that C T Corporation was first served prior to May 1, 2007, making your Notice to Remand untimely.

The time fore removal is triggered by service of process. Where state law requires that the summons and complaint be served together, as is the case in California, the 30-day period for removal runs immediately upon such service. See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. at 354, 119. Where service by mail is authorized, the time when such service becomes effective is determined by state law, and the removal period runs from that date ... unless the defendant receives the papers sooner. See *Hardy v. Square D Co.* (ND OH 2002) 199 F.Supp.2d 676, 680. Service on an agent designated by defendant for receipt of service starts the removal period running. *Tech-Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.* (6the Cir. 1993) 5 F3d 963, 968. We mailed the Summons and Complaint to C T Corporation on April 24, 2007, at 818 West Seventh Street, Los Angeles, CA 90017, the address indicated on the California Secretary of State's website for the American Diabetes Association's designated agent for service of process. In your Notice to State Court of Filing of Removal Action, you rely upon a transmittal document, your exhibit D, which indicates that process was served on C T Corporation System in Walnut Creek, CA, by regular mail on May 1, 2007; however, that same document is signed on page two by C T Corporation System per Dianne Christman at 818 West Seventh Street, Los Angeles, CA 90017. Thus, on its face, the document itself evidences that May 1, 2007 is not the accurate date of service.

Mr. Joseph Miller, Esq.
Page 2 of 2

If necessary, we will file a Motion to Remand this matter back to the state superior court, and we will seek sanctions, attorneys fees, and costs. Accordingly, we hereby request that you agree to stipulate to remand the case back to state court.

Kindly contact me by Friday, June 22, 2007 to resolve this issue. In the event that you do not, I will proceed to file a Notice of Motion to Remand.

Sincerely,

*Patrice Zabell*

Patrice R. Zabell
Attorney at Law

cc: Marilee McGregor

# EXHIBIT 2

Case 3:07-cv-02820-MEJ    Document 16    Filed 07/19/2007    Page 6 of 8

# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
ONE CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-5427
415.398.3500
FAX: 415.398.0955
EBGLAW.COM

JANG HYUK IM

JIM@EBGLAW.COM

June 22, 2007

**VIA FACSIMILE AND US MAIL**

Patrice R. Zabell, Esq.
Law Offices of Patrice R. Zabell
2700 Ygnacio Valley Road, Suite 270
Walnut Creek, CA 94598-3463

Re:   **McGregor v. American Diabetes Association**

Dear Ms. Zabell:

We received your faxed letter dated June 20, 2007 asking us to stipulate to remand this case to state court. We decline your invitation. This case was properly and timely removed to federal court based on diversity of jurisdiction.

You cite several cases, none of which support remanding the case to state court. Indeed, the *Tech-Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F. 3d 963 (6th Cir. 1993) case undermines your position.

In *Tech-Hills*, the plaintiff argued the case should not have been removed because defendant's removal was filed outside the 30 days after receipt of service. Plaintiff originally served the summons and complaint by Federal Express. It was received on Saturday, May 20, 1989—the date plaintiff contends service occurred by a security guard. But did not reach defendant's authorized representative until Monday, May 22, 1989. The court found the May 22 date is the date when service occurred. The court reasoned:

> As a general rule, a complaint is considered received by a corporation when it is received by an agent authorized to accept service of process... The security guard at defendant's building who received the complaint was not so authorized. We hold that delivery at defendant's place of business on a Saturday, when the offices are closed, to a security guard, who is not authorized to receive service on behalf of the corporation, is not receipt under the removal statute.

*Id.* at 968.

ATLANTA • CHICAGO • DALLAS • HOUSTON • LOS ANGELES • MIAMI
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, DC
EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY.

SF:144330v1

Patrice R. Zabell, Esq.
June 22, 2007
Page 2

       Your summons and complaint was received by our client's authorized representative, CT Corporation System, on May 1, 2007. It does not matter when you mailed the summons and complaint. The date the authorized representative receives the summons and complaint is the official date of service. You have not and cannot provide any authority to prove otherwise.

       Any attempted motion to remand is governed by Rule 11. We trust our position is clear. Please call us if you have any questions.

       Very truly yours,

       Jang Hyuk Im
       Attorney

SF:144330v1