PATRICE R. ZABELL, SBN# 215459
LAW OFFICES OF PATRICE R. ZABELL
2700 Ygnacio Valley Road, Suite 270
Walnut Creek, California 94598-3463
Telephone:     (925) 932-9455
Facsimile:     (925) 932-9468

Attorney for Plaintiff
Marilee McGregor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| MARILEE McGREGOR,<br><br>       Plaintiff,<br><br>vs.<br><br>AMERICAN DIABETES ASSOCIATION; and DOES 1-10, inclusive,<br><br>       Defendants. | Case No. 3:07-CV-02820-MEJ<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND**<br><br>**Date:  August 9, 2007**<br>**Time:  10:00 a.m.**<br>**Courtroom No.:  Courtroom B, 15th Floor**<br>**Judge:  Hon. Maria-Elena James** |

Plaintiff hereby replies to defendant's opposition to plaintiff's motion to remand and respectfully requests that the Court remand the instant action on the grounds that defendant's Notice of Removal was not timely filed, and that defense counsel had no reasonable basis to believe that removal was proper and failed to disclose facts necessary to determine removability.

Despite defense counsel's tortured opposition to plaintiff's motion to remand, the fact remains that a defendant must file a notice of removal within 30 days after receipt of the first pleading in the state action (through service or otherwise) that sets forth a removable claim. 28 U.S.C.A. § 1441(b). Any defect in removal procedure is grounds for remand of a removed case. 28 U.S.C.A. § 1447(c). Party seeking removal has burden of establishing federal jurisdiction. *Donald I. Galen, M.D., Inc. v. McAllister,* 833 F.Supp. 761 (N.D.Cal.1992).

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

1   PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND

Opposing counsel contends that, "unquestionably, defendant's removal was filed within 30 days of when Defendant's agent for service of process received the summons and complaint." (ADA's Oppos. To Mot. for Remand, 2:4-5). Defendant now proffers a mere declaration to prove that the summons and complaint were received by its agent for service of process on May 1, 2007, when it is within defendant's power to produce stronger and more satisfactory evidence; therefore, defendant's proffer of a mere declaration should be viewed with distrust. Opposing counsel's contention that it is unquestionable that defendant's removal was timely filed is laughable. Moreover, Defendant's arguments are inapplicable to the facts and circumstances of this matter. On these grounds, plaintiff respectfully requests that the Court find that defendant's notice of removal was not well grounded in fact, and was interposed for the purpose of causing unnecessary delay and needlessly to increase the cost of litigation.

**POINTS AND AUTHORITIES**

**A. DEFENDANT HAS FAILED TO MEET ITS BURDEN OF PROOF THAT THE REMOVAL NOTICE WAS TIMELY, AND HAS PROFFERED INCONSISTENT EVIDENCE SUFFICIENT FOR THIS COURT TO CONCLUDE THAT DEFENDANT'S REMAND WAS NOT TIMELY.**

A defendant must file a notice of removal within 30 days after receipt of the first pleading in the state action (through service or otherwise) that sets forth a removable claim. 28 U.S.C.A. § 1441(b). Any defect in removal procedure is grounds for remand of a removed case. 28 U.S.C.A. § 1447(c). When confronted with motion to remand matter to state court, removing party has burden of establishing propriety of removal, and removing party must show that federal subject matter jurisdiction exists and that removal is proper. *Gateway 2000, Inc. v. Cyrix Corp.* (D.N.J.1996) 942 F.Supp. 985. Plaintiff has alleged that defendant's removal motion is defective because it was untimely. Defendant has the burden of establishing that its removal action was timely. Furthermore, opposing counsel's argument that he has met his burden of proof based on his signed certification is without merit where, as here, there is a challenge to the accuracy of the facts certified, and defendant has not proffered admissible evidence sufficient to prove the facts certified. (See ADA's Oppos. To Mot. for Remand, 23-3:9).

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

2   PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND

Opposing counsel's argument that the Rules of Evidence do not apply to a Notice of Removal is without merit.  FRCP 11 provides, in part, that by presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, *or other paper*, an attorney is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  (See, FRCP 11, emphasis added).  Defendant's Notice of Removal is a paper presented to this Court, and is therefore subject to FRCP 11.  Plaintiff's objection to opposing counsel's reliance on CT Corporation's Service of Process Transmittal Form is a challenge to opposing counsel's certification that the factual contention that ADA's agent for service of process received the summons and complaint on May 1, 2007, has evidentiary support.  FRCP 11, not 28 U.S. 1441(b), is the authority that dictates that counsel's factual representations to the court have evidentiary support.  Here, not only did opposing counsel proffer hearsay evidence in support of his certification, on its face the hearsay evidence tended to ***disprove*** the matter certified.  This Court should consider the bad-faith implications inherent in the inconsistency between the CT Corporation Transmittal Form and opposing counsel's FRCP 11 certification.  A reasonable person might infer from such an obvious inconsistency that someone has been snookered. These tactics are consistent with bad faith and needlessly increasing the costs of litigation.

Opposing counsel's third argument, that if the Notice of Removal must be hearsay proof, then the CT Corporation Transmittal form qualifies as a business record under FRCP 803(6), fails because opposing counsel submitted the Transmittal Form without proper foundation or authentication.  Where affidavits were filed by petitioner at hearing on removal of case to federal court but not within time allowed for removal, they could not be considered in determining removal jurisdiction. *McGlasson v. Barger* (D.C.Colo.1963) 220 F.Supp. 938. Here, opposing counsel proffers, for the first time, the Declaration of Jere Keprios, presumably to properly authenticate the Transmittal Form.  The Keprios declaration is untimely pursuant to *McGlasson v. Barger*, and should not be admitted by this Court.  Moreover, opposing counsel's

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

3   PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO MOTION TO REMAND

reference to ¶ 4 of the Keprios declaration appears meaningless. Keprios fails to adequately address the obvious discrepancy between the fact stated on the Transmittal Form, i.e., that the complaint was received by CT Corporation in Walnut Creek via regular U.S. Mail on May 1, 2007, and Keprios' claim that it was received by regular mail on May 1, 2007 at its address at 818 West Seventh Street, Los Angeles. That discrepancy goes to the heart of the issue whether defendant's Notice of Removal was timely. That burden of proof rests squarely on the defendant, and the defendant has not met its burden. While opposing counsel now contends that the CT Transmittal Form was incorrect, (see, ADA's Oppos. to Mot. for Remand, 4:20:-5:4), he has not submitted satisfactory evidence to support that contention. Moreover, opposing counsel's argument that CT Transmittal Form corroborates that the Summons and Complaint were received on May 1, 2007 at CT Corporation's Los Angeles office is untrue. (See ADA's Oppos. to Mot. for Remand, 4:25-5:4). To the contrary, the CT Transmittal Form, on its face, states that the Summons and Complaint were received in Walnut Creek via regular mail on May 1, 2007. (See ADA's Notice to State Court of Removal of Action, Ex. D). On these grounds, defendant's argument should be rejected, and this Court should find that defendant's Notice of Removal was untimely filed, and remand this action.

### B.  IMPOSING SANCTIONS AGAINST PLAINTIFF WOULD CONSTITUTE A MISCARRIAGE OF JUSTICE.

Opposing counsel's argument that Rule 11 sanctions should be imposed on plaintiff is specious. Opposing counsel's argument concerning *Tech-Hills II Assocs.* is misleading and opposing counsel is arguing a distinction without a difference as it relates to this case. In *Tech-Hills*, the issue was whether receipt was effective on a Saturday when the agent's offices were closed, and the security guard at defendant's building who received the complaint was not an authorized agent. Under those facts and circumstances, the court held that delivery at defendant's place of business on a Saturday, when the offices are closed, to a security guard, who is not authorized to receive service on behalf of the corporation, is not receipt under the removal statute. No such issue is relevant here, and opposing counsel's reference to that case in his letter in response to plaintiff's request that defendant stipulate to remand the action, and

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA 94598
TEL: (925) 932-9455
FAX: (925) 932-9468

4   PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND

opposing counsel's focus on that case here, is further evidence of tactics intended to further delay and increase the costs of litigation.

## CONCLUSION

Based on the foregoing, plaintiff respectfully requests that the Court rule that defendant's removal notice was untimely, remand the instant action, and award attorneys fees and costs to plaintiff and sanction opposing counsel pursuant to FRCP 11.

DATED: July 26, 2007                    Respectfully submitted,

                                                 LAW OFFICES OF PATRICE R. ZABELL

                                                 By:   /s/ Patrice R. Zabell
                                                        PATRICE R. ZABELL
                                                        Attorney for Plaintiff

LAW OFFICES OF
PATRICE R. ZABELL
2700 Ygnacio Valley Road
Suite 270
Walnut Creek, CA  94598
TEL: (925) 932-9455
FAX: (925) 932-9468

5   PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
    TO MOTION TO REMAND