IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARILEE McGREGOR,

    Plaintiff(s),

vs.

AMERICAN DIABETES ASSOCIATION, et al.,

    Defendant(s).

No. C 07-2820 MEJ

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

**ORDER VACATING HEARING**

    Before the Court is Plaintiff Marilee McGregor's Motion to Remand. (Doc. #5.) In her motion, Plaintiff argues that Defendant American Diabetes Association's Notice of Removal was untimely because she served her Complaint via U.S. mail on April 24, 2007, and Defendant did not remove the action to this Court until May 30, 2007, more than 30 days later. However, the 30-day period does not run from the date Plaintiff mailed the complaint; rather, a defendant must file a notice of removal within 30 days after the *receipt* of the complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Here, Defendant's registered agent for service of process, CT Corporation, received the Summons and Complaint on May 1, 2007. (Doc. #1, Ex. D; Doc. #14, ¶5.) Accordingly, Defendant's removal is timely.

    Plaintiff also argues that CT Corporation's Service of Process Transmittal Form, attached as Exhibit D to Defendant's Notice of Removal, is hearsay. However, the diversity statute, 28 U.S.C. § 1446(a), does not make removal dependent upon admissible evidence. All that the statute requires is

"a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* Further, the notice or removal must be signed by the attorney subject to the certification requirements of Federal Rule of Civil Procedure 11, thus requiring a reasonable inquiry into jurisdictional facts asserted. *Id.* Thus, the Court finds that Defendant has complied with the removal requirements.[1]

In the alternative, Plaintiff argues that CT Corporation's transmittal form proves that Defendant's Notice of Removal was untimely. Plaintiff's counsel mailed the complaint on CT Corporation in Los Angeles, but the transmittal form states that process was served on CT Corporation in its Walnut Creek location on May 1, 2007. Speculating that the transmittal form was received in Walnut Creek on May 1, Plaintiff contends it must have been received in the Los Angeles office prior to May 1. In response, Defendant states that the Walnut Creek office is a sales office and has nothing to do with service of process. Defendant argues that the transmittal form is incorrect - the Walnut Creek office never received the complaint.

The Court finds that Plaintiff's alternative argument is also without merit. CT Corporation's transmittal form provides as follows:

> On Whom Process Was Served: CT Corporation System, Walnut Creek, CA
>
> Date And Hour of Service: By Regular Mail on 05/01/2007
>
> Post Marked: postmarked on 04/24/2007
>
> * * *
>
> Signed: CT Corporation System
>
> Per: Dianne Christman
>
> Address: 818 West Seventh Street
>           Los Angeles
>           CA, 90017

(Doc. #1, Ex. D.)

---

[1] Plaintiff also cites to Civil Local Rule 7-5(b), which concerns declarations in support of or in opposition to any motion in this Court, and Federal Rule of Civil Procedure 56(e), which concerns declarations related to summary judgment motions. As neither of these rules governs a notice of removal, it is unclear why Plaintiff cites to them.

Despite Plaintiff's argument to the contrary, this information does not show that CT Corporation was served in Walnut Creek. While the transmittal form provides that CT Corporation may also be located in Walnut Creek, the form clearly states that service occurred in its Los Angeles location on May 1, 2007.

Based on the above analysis, the Court DENIES Plaintiff's Motion to Remand. Further, although both parties seek attorneys' fees and/or sanctions related to Plaintiff's motion, the Court finds they are unwarranted and DENIES their requests. The scheduled August 9, 2007 hearing is vacated.

**IT IS SO ORDERED.**

Dated: July 30, 2007

MARIA-ELENA JAMES
United States Magistrate Judge