```
STEVEN R. BLACKBURN    State Bar No. 154797
JOSEPH D. MILLER       State Bar No. 109032
JANG HYUK IM           State Bar No. 181836
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111
Telephone: (415) 398-3500
Facsimile: (415) 398-0955

Attorneys for Defendant
AMERICAN DIABETES ASSOCIATION

PATRICE R. ZABELL  SBN 215459
LAW OFFICES OF PATRICE R. ZABELL
2700 Ygnacio Valley Road, Suite 270
Walnut Creek, California 94598-3463
Telephone: (925) 932-9455
Facsimile: (925) 932-9468

Attorney for Plaintiff
MARILEE MCGREGOR
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILEE MCGREGOR,<br><br>          Plaintiff,<br><br>     v.<br><br>AMERICAN DIABETES ASSOCIATION;<br>an Ohio non-profit corporation; and DOES 1-<br>10, inclusive,<br><br>          Defendants. | CASE NO.  C 07-02820 MEJ<br><br>**DEFENDANT AMERICAN DIABETES ASSOCIATION AND PLAINTIFF MARILEE MCGREGOR'S JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:     September 6, 2007<br>Time:    10:30 a.m.<br>Dept.:    Courtroom B, 15th Floor<br>Judge:   The Honorable Maria-Elena James |

Pursuant to Federal Rule of Civil Procedure 16 and this Court's May 30, 2007 Case Management Conference Order, defendant American Diabetes Association ("ADA") and plaintiff Marilee McGregor ("McGregor") submit their Joint Case Management Conference Statement.

///

///

A. **PROCEDURAL POSTURE OF THE CASE**

Plaintiff's civil complaint for damages originally filed in Contra Costa Superior Court on April 18, 2007, was removed to this Court on May 30, 2007. Removal was based on the diversity jurisdiction as this is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff moved to remand the action but that motion was denied.

B. **AGENDA MATTERS TO BE ADDRESSED AT THE CASE MANAGEMENT CONFERENCE**

1. **Defendant's Brief Description of the Case**

McGregor was employed with the ADA for approximately two years from May 2004 to June 2006 as a Senior Marketing Director/Director of San Francisco Bay Area. Consistent with defendant ADA's employment policy, McGregor was an at-will employee. Her duties mainly entailed securing corporate donations for ADA. In August 2005, McGregor was placed on a performance improvement plan by her manager, Randy Beranek because she failed to meet her donation sales quota. Her performance temporarily improved until early 2006 when it again deteriorated.

In April 2006, McGregor alleged Mr. Beranek gave assurances her employment was secure with ADA. Defendant ADA denies Mr. Beranek ever made any such assurances. When Ms. McGregor's performance failed to improve, she was terminated.

2. **Plaintiff's Supplemental Description of the Case**

The Performance Improvement Plan which Beranek placed McGregor on in August 2005 created an agreement regarding how sales productivity would be measured, which included "in kind" donations, multiple year contracts, indirect payments to events, and renewals. Plaintiff relied on Beranek's representations in the Performance Improvement Plan, and improved her performance to a satisfactory level throughout the fiscal year based on Beranek's representations regarding sales productivity components. Beranek unilaterally eliminated "in kind" donations, indirect payments to events and renewals, and reduced the credits for multiple-year contracts when he calculated Plaintiff's fiscal year-end performance. Plaintiff's

performance throughout the remainder of fiscal 2005 met productivity standards in accordance with the Performance Improvement Plan. Plaintiff performed diligently throughout fiscal 2005 in reliance on the Performance Improvement Plan, and in further reliance on Beranek's oral assurances in April 2006, when McGregor expressly asked Beranek about her job security because she was then separating from her husband and had to make financial decisions about purchasing a condominium. Beranek assured McGregor that her job was not in jeopardy.

Beranek first informed McGregor on June 6, 2006, that he was terminating her employment, instructed her to take the rest of the week off, and instructed her to meet with him the following Monday. On Monday, June 12, 2006, Beranek presented McGregor with a letter stating that her employment with ADA would be terminated effective June 15, 2007; however, ADA did not pay McGregor all of her accrued vacation upon termination. Moreover, after following-up with ADA concerning her accrued vacation, ADA reduced McGregor's vacation accrual for the week of June 6, 2006, which Beranek instructed her to take off after he first notified her that she would be terminated the following week.

### 3. Defendant's Summary of the Factual And Legal Issues in Dispute

McGregor asserts that Mr. Beranek's alleged promises of secured ADA employment created an expressed and implied in-fact employment contract. ADA denies her supervisor ever made such promises and contends McGregor's employment has always been at-will.

McGregor further asserts Mr. Beranek's alleged assurances prevented ADA from terminating her employment. ADA again contends no one within the organization ever made such promises and her at-will employment can be terminated at any time. Finally, McGregor asserts ADA failed to timely pay her accrued vacation upon discharge. ADA contends all accrued vacation was timely paid and nothing else is owed to plaintiff.

### 4. Plaintiff's Supplemental Summary of the Factual And Legal Issues in Dispute

McGregor asserts that she had enforceable expectations concerning the grounds for termination, which were partly express and partly implied-in-fact. McGregor further asserts that ADA made promises in its own self-interest on which it intended McGregor to rely, and

that McGregor did in fact rely upon those promises to her detriment. McGregor asserts that ADA specifically defined failure to meet productivity goals and the procedures under which termination might occur. McGregor asserts that she performed satisfactorily with respect to those defined causes, and that ADA breached its contract when Beranek unilaterally altered the previously defined performance indicators and terminated her employment.

Additionally, McGregor asserts that ADA violated Labor Coe § 201 when it failed to pay her all wages due her upon termination. Accordingly, McGregor seeks compensatory damages at her regular wage rate for 20 days pursuant to Labor Code § 203, attorneys fees and costs pursuant to Labor Code § 218.5, interest pursuant to Labor Code § 218.6, and pursuant to any other provision of law providing for prejudgment interest.

Finally, McGregor seeks equitable relief pursuant to the doctrine of promissory estoppel, which provides that an employer may be estopped from asserting that an employment is at-will where the employer has made a promise that it should reasonably have known would cause the employee to believe a more permanent employment relationship existed, and the employee relied to her detriment thereon.

**5.     Motions Anticipated By The Parties**

ADA will file a motion for summary judgment after completion of factual discovery.

**6.     Relief And Damages Sought By Plaintiff**

Defendant contends plaintiff was not damaged. Plaintiff claims contract damages in the amount of $61,600; value of the benefits to which she would have been entitled, including 403(b) contribution earnings; medical expenses; compensatory damages at her regular rate for 30 days; attorney fees and costs pursuant to Labor Code § 218.5; interest pursuant to Labor Code § 218.6, general; special damages; incidental and consequential damages; attorney fees and costs; and prejudgment interest.

**7.     Discovery To Be Propounded**

Both parties intend to propound interrogatories, document demands, and perhaps requests for admissions. ADA will take plaintiff's deposition.

Plaintiffs anticipate taking the depositions of Randy Beranek and Patricia Valinch.

that McGregor did in fact rely upon those promises to her detriment. McGregor asserts that ADA specifically defined failure to meet productivity goals and the procedures under which termination might occur. McGregor asserts that she performed satisfactorily with respect to those defined causes, and that ADA breached its contract when Beranek unilaterally altered the previously defined performance indicators and terminated her employment.

Additionally, McGregor asserts that ADA violated Labor Coe § 201 when it failed to pay her all wages due her upon termination. Accordingly, McGregor seeks compensatory damages at her regular wage rate for 20 days pursuant to Labor Code § 203, attorneys fees and costs pursuant to Labor Code § 218.5, interest pursuant to Labor Code § 218.6, and pursuant to any other provision of law providing for prejudgment interest.

Finally, McGregor seeks equitable relief pursuant to the doctrine of promissory estoppel, which provides that an employer may be estopped from asserting that an employment is at-will where the employer has made a promise that it should reasonably have known would cause the employee to believe a more permanent employment relationship existed, and the employee relied to her detriment thereon.

**5.     Motions Anticipated By The Parties**

ADA will file a motion for summary judgment after completion of factual discovery.

**6.     Relief And Damages Sought By Plaintiff**

Defendant contends plaintiff was not damaged. Plaintiff claims contract damages in the amount of $61,600; value of the benefits to which she would have been entitled, including 403(b) contribution earnings; medical expenses; compensatory damages at her regular rate for 30 days; attorney fees and costs pursuant to Labor Code § 218.5; interest pursuant to Labor Code § 218.6, general; special damages; incidental and consequential damages; attorney fees and costs; and prejudgment interest.

**7.     Discovery To Be Propounded**

Both parties intend to propound interrogatories, document demands, and perhaps requests for admissions. ADA will take plaintiff's deposition.

Plaintiffs anticipate taking the depositions of Randy Beranek and Patricia Valinch.

**8. Consent to Magistrate Judge For Trial**

The parties consent to the assignment of Magistrate Judge Maria-Elena James.

**9. Parties Initial Meet and Confer**

The parties conducted a meet and confer by teleconference on August 17, 2007.

**10. Alternative Dispute Resolution**

The parties have discussed and request mediation but are amenable to a judicial settlement conference following the completion of deposition discovery.

**11. Trial Issues**

Plaintiff demands a jury trial. Both parties estimate that trial will last three to five days.

**12. Related Cases Pending Before The Court**

There are no such pending cases known to either party.

**13. Class Certification**

Not applicable.

**14. Dates For Discovery Cutoff, Pretrial Conference, And Trial**

The parties agree to a March 28, 2008 discovery cutoff date with a pretrial conference in May 2008 and trial date in July 2008.

**15. Prospects for Settlement**

It is too early to determine if the case is ripe for settlement. After depositions, the parties will have a clearer picture about settlement prospects.

**16. Other Matters To Promote The Just, Speedy And Inexpensive Determination Of The Action**

Unknown at this time.

DATED: August 30, 2007                                  EPSTEIN BECKER & GREEN, P.C.

                                                        By: _____
                                                        Steven R. Blackburn
                                                        Joseph D. Miller
                                                        Jang Hyuk Im
                                                        Attorneys for Defendant
                                                        AMERICAN DIABETES
                                                        ASSOCIATION

DATED: August 29, 2007

LAW OFFICES OF PATRICE R. ZABELL

By: _____
Patrice R. Zabell
Attorney for Plaintiff
MARILEE MCGREGOR

---

6
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
C 07-02820 MEJ